**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGESH MEHTA, | No. 06-73232 |
| Petitioner, | Agency No. A072-698-046 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: REINHARDT, BERZON and CALLAHAN, Circuit Judges.

Petitioner Jingesh Mehta ("Petitioner") petitions for review of a May 26,

2006, order issued by the Board of Immigration Appeals ("BIA"), denying his

motion to reconsider the BIA's March 1, 2006 denial of his motion to reopen on

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the basis that there were no grounds for reconsideration.[1] This court has jurisdiction pursuant to 8 U.S.C. § 1252, as amended by the REAL ID Act, and we deny the petition.

The time limit for filing a petition for review is "mandatory and jurisdictional" and "not subject to equitable tolling." *Stone v. INS*, 514 U.S. 386, 405 (1995); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996). The filing of a motion to reopen or reconsider does not toll the statutory time in which to appeal the underlying final order. *See Stone*, 514 U.S. at 405-06; *Martinez-Serrano*, 94 F.3d at 1258. Because Petitioner did not file a petition for review of the BIA's May 24, 2006, final order denying his motion to reopen, we do not have jurisdiction to review anything other than the BIA's denial of reconsideration.

In a motion to reconsider, unlike a motion to reopen, the petitioner must identify errors that the BIA made in its underlying decision. *Matter of Cerna*, 20 I&N Dec. 399, 402-03 (BIA 1991); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180-81 (9th Cir. 2001) (en banc). These alleged errors are reviewed for an abuse of

---

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

discretion and will be reversed only if the BIA acted arbitrarily, irrationally, or contrary to law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

Here, the only alleged errors that Petitioner raised in his motion for reconsideration were that the BIA had incorrectly determined that Jingesh Mehta was his true identity and that his case should be consolidated with his other proceeding, in which he was using the name Jignesh Jariwala. In its reconsideration order, the BIA found no errors in its prior determinations and held that there were no grounds for reconsideration. Because we do not have jurisdiction to review the merits of Petitioner's underlying claims, and because we find that the BIA did not abuse its discretion or otherwise act arbitrarily, irrationally, or contrary to law when it denied petitioner's motion for reconsideration, we deny the petition.

**DENIED.**